JUDGE TORRES

25 CV 08250

# IN THE UNITED STATES DISTRICT COURT
## FOR THE   SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wagner Caraballo Gonzalez | ) Case No. 25-cv-____ <br> ) <br> ) |
| v. | ) A No.  241-362-234 <br> ) |
| LaDeon Francis, In his official capacity <br> As Acting Field Office Director of New York <br> Immigration and Customs Enforcement, <br> Kristi NOEM In her official capacity as <br> Secretary of Homeland Security; Pam Bondi <br> In her official capacity as Attorney general. <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This is a petition for a writ of habeas corpus filed pro se on behalf of Wagner Caraballo Gonzalez, from here on after Petitioner, seeking relief to remedy his unlawful arrest and detention.  This petition is being filed by his wife Veronica Kimberly Torrealba Cabeza, from here on after his wife, as next of friend. The wife has "next friend" standing to bring this action under § 2241 because Petitioner is

1

detained and without access to counsel or the ability to receive or send mail or sign documents at the place he is currently detained.

Due to the fact that the place where petitioner is detained has no law library were he can prepare this Habeas petition his wife as next of kin is dedicated to act in the Petitioner's best interests. See Ross ex rel. Dunham v. Lantz, 408 F.3d 121, 123 (2d Cir. 2005) ("First, a 'next friend' must provide an adequate explanation ... why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate[.]").

Petitioner's argues that his arrest violates his Fifth Amendment right to Due Process because ICE detained him without notice, an opportunity to respond, or an individualized determination that he posed a flight risk or danger to the community, at the conclusion of a master calendar hearing at the New York City immigration court located at 290 Broadway, New York. ICE also violated Petitioner's right to Due Process when it failed to allow him to contact counsel or provided and avenue so that he could reach out to counsel that was on his case an request counsel file a Habeas Corpus challenging his unlawful detention.

On or about October 29, 2023, Petitioner, entered the United States of America and was placed in proceedings pursuant to 236 under 1226 as can be seen by his NTA. Petitioner was released and on May 3, 2024 he arrived at his initial calendar hearing. Petitioner was then ordered removed on September 17, 2024 but filed a

2

Motion to Reopen with the immigration court which was granted. After being granted his Motion to Reopen petitioner file for relief in the form of I-589 relief under Asylum, Withholding of Removal, and Protection under the Convention Against Torture on March 31, 2025. Petitioner also filed a change of venue due to now living in New York on the same date which was granted.

Petitioner had a scheduled hearing for June 23, 2025 after which he was re scheduled and proceeded with his asylum proceedings. On October 6, 2025 petitioner while attending his court hearing was arrested by DHS/ICE without being given due process and without a proper procedure on which to challenge any allegations made by DHS/ICE as to his arrest.

This arrest follows a common practice now by DHS/ICE where upon exiting the courtroom, U.S. Immigration and Customs Enforcement ("ICE") detained the Petitioner without any individualized assessment of flight risk and dangerousness. Subsequently, he has been detained by DHS/ICE without access to counsel in violation of his rights to Due Process guaranteed by the Constitution Fifth amendment. Even do petitioner has an attorney of record DHS/ICE has not provided him with a phone call as to verify legal actions and challenges available to him under due process like this habeas petition which is now filed.

3

## CUSTODY

1. Petitioner is in the physical custody of Field Office Director for Detention and Removal, held by ICE, a component of the Department of Homeland Security (DHS).  At the time of the filing of this petition, Petitioner is detained at 290 broadway, New York. Jurisdiction and venue in this Court are proper because the events giving rise to the petition occurred in the District, and the immediate custodian detaining Petitioner is also in the District.

## JURISDICTION

2. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et. seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L.No. 104-208, 110 Stat. 1570.  This Court has jurisdiction under 28 U.S.C. § 2241, art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States.  This Court may grant relief pursuant to 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 1651.

4

VENUE

3. Venue lies in the United States District Court for the Southern District of New York the judicial district in which the Due Process violations occurred and where he was unlawfully arrested and resided while the violation of his Due Process rights were occurring. 28 U.S.C. § 1391(e).

PARTIES

4.    Petitioner is a national and citizen of Colombia who was forced to flee his native country due to threats on his life. Petitioner requested protection within the United States. Petitioner presented his case for I-589 application for Asylum, Withholding of Removal and CAT which remains pending before the EOIR. He is detained at 290 Broadway, New York by the Respondents in violations of his Due Process rights.

5.    Respondent LaDeon Francis is the Field Office Director for Detention and Removal, USICE, DHS. Respondent is a custodial official acting within the boundaries of the judicial district of the United States Court for the Southern District of New York. Pursuant to Respondent orders, Petitioner remains detained.

5

6.     Respondent is Kristi NOEM in her official capacity as Secretary of Homeland Security. She is Petitioner's immediate custodian and resides in the judicial district of the United States Court for the Southern District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.     Petitioner has no administrative remedies available as he was not able to challenge the individualized assessment that he posed a flight risk or was a danger to the community. Pursuant to currently operative policy, ICE has taken the position that individuals like Petitioner are subject to mandatory detention. Respondent Pam Bondi, who as Attorney General oversees the Executive Office of Immigration Review that employs immigration judges, has overseen the implementation of policies of categorically denying bond hearings to individuals such as Petitioner. There is no avenue for administrative review, and assuming arguendo any such review existed, it would be futile.

8.     Petitioner's only remedy is by way of this judicial action in seeking protection from having his Due Process rights violated.

## STATEMENT OF FACTS

9.    Petitioner is a national and citizen of Colombia who turned himself in at the border on or about October 29, 2023. He was in immigration proceedings and released under 236 and 1226 authority.

10.    On May 3, 2024 he presented himself to court and was rescheduled for September 17, 2024. Petitioner was subsequently ordered removed but on March 10, 2025 filed a Motion to Reopen which was granted.

11.    On or about March 31, 2025 petitioner file his application for relief in the form of I-589 application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture as well as filed for a change of venue.

12.    Petitioner was granted and transferred to the courts in New York. On June 23, 2025 he appeared at his scheduled hearings and was rescheduled. He was later reset on September 8, 2025 for a scheduled hearing on October 6, 2025.

13.    On or about October 6, 2025 petitioner appeared at his scheduled hearing with counsel, and at the conclusion of the hearing, he was granted time to continue his case by the immigration court. Upon exiting the court room, he was arrested by DHS/ICE without warning, cause, or explanation. His attorney was given a warrant but not given any legal way to challenge the allegation made. Counsel was also not

7

provided and opportunity to speak to petitioner as to what other avenues of relief would be available due to this unlawful arrest.

14.    Petitioner was whisked away and placed in a holding tank with others that had been similarly arrested as himself.

15.    The officers for ICE or DHS began to detain numerous people exiting the courtroom that day without any individualized assessments as to whether petitioner posed a flight risk or a danger to the community.

16.    Petitioner was then placed in the holding area and continues to be detained under respondents custody. Petitioner was not provided and opportunity to call his counsel after detention and find avenues of relief after this unlawful detention and was not provided access to a law library or any means that would allow him to prepare even a Pro se habeas corpus.

17.    Petitioner was not notified by DHS/ICE of any availability to file bond or a habeas corpus petition, and was denied the opportunity seek release. The Holding area at 290 Broadway neither provides paper or envelopes which he could have used to prepare his petition, constituting another violation of his Due Process rights.

18.    Petitioner did not receive any notice or opportunity to be heard as to whether a change of custody was warranted or given a means to provide evidence that his arrest was not necessary as he had shown up to court repeatedly and had counsel.

19.    Petitioner has not been allowed to call any nonprofit nor had any opportunity to seek representation given strict limitations on call time.

20.    Respondents' violations of Petitioner's due process rights are very serious. First, they detained him without justification; second, they denied him access to counsel which is guaranteed under Due Process; and third, they subjected him to conditions that violated the basic principles of Due Process.

21.    Respondents' ongoing detention of petitioner with no due process at all, and much less a prior notice, no showing of changed circumstances, or an opportunity o respond is a clear violation of his Due process rights," Valdez v. Joyce, No. 25cv4627, 2025 WL 1707737, *4 (S.D.N.Y. June 18, 2025).

22.    Respondents' decision to violate petitioners Due Process rights and subject him to these violations is a grave violation of the Fifth Amendment's right to Due Process. The failure of providing petitioner access to his counsel after his arrest is a further violation of his Due Process rights.

9

CLAIMS FOR RELIEF

COUNT ONE CONSTITUTIONAL CLAIM

21.    Petitioner alleges and incorporates by reference paragraphs 1 through 21 above.

22.    Petitioners' detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.

COUNT TWO STATUTORY CLAIM

23.    Petitioner alleges and incorporates by reference paragraphs 1 through 22 above.

24.    Petitioner's continued detention violates the Immigration and Nationality Act, The Administrative Procedure Act, and the U.S. Constitution's Fifth Amendment Due Process Clause.

COUNT THREE

25. If he prevails, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412.

PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1.    Assume jurisdiction over this matter;

2.    Enjoin the Respondents from transferring Petitioner away from the jurisdiction of this district pending these proceedings;

3.    Issue an order directing Respondents to show cause why the writ should not be granted;

4.    Issue a writ of habeas corpus ordering Respondents to release Petitioner on his own recognizance or under parole, a low bond or reasonable conditions of supervision show;

5.    Award Petitioner reasonable costs and attorney's fees; and,

6.    Grant any other relief which this Court deems just and proper.


Respectfully submitted,


Date: October 6, 2025

Wife: Veronica Kimberly Torrealba Cabeza
On behalf of Wagner Caraballo Gonzalez
(A 241-362-234) as next of friend

Wagner Caraballo Gonzalez                 )
                                          )
                                          )
                                          )
                                          )
            v.                            )        A No. 241-362-234
                                          )
LaDeon Francis, In his official capacity  )
As Acting Field Office Director of New York )
Immigration and Customs Enforcement,      )
Kristi NOEM In her official capacity as   )
Secretary of Homeland Security; Pam Bondi )
In her official capacity as Attorney general. )
                                          )
         Respondents.                     )

### DECLARATION OF VERONICA KIMBERLY TORREALBA CABEZA

I, Veronica Kimberly Torrealba Cabeza, pursuant of a Writ of Habeas Corpus under 28 U.S.C. §

2241 declare as follows:

1. My name is Veronica Kimberly Torrealba Cabeza. I am Wagner Caraballo Gonzalez's

wife.

2. I submit this declaration in support of Wagner Caraballo Gonzalez.

3. Attached hereto as Exhibit A is a true and correct copy of the marriage certificate of

Wagner Caraballo Gonzalez and Veronica Kimberly Torrealba Cabeza.

4. Attached hereto as Exhibit B is an Affidavit of Immigration Attorney and copy of the Alleged

Warrant given to Counsel.

**Dated: October 6, 2025**                    _Veronica Torrealba_
                                              Veronica Kimberly Torrealba
                                              Cabeza on behalf of Wagner
                                              Caraballo Gonzalez (A#241-362-
                                              234) as Next of Friend.

# Exhibit A

Doc # 2024130400, OR BK 21092 Page 474, Number Pages: 1,
Recorded 06/18/2024 01:47 PM, JODY PHILLIPS CLERK CIRCUIT COURT DUVAL COUNTY
RECORDING $86.00

Department of Health ◆ Office of Vital Statistics
**STATE OF FLORIDA**
**FLORIDA**
**MARRIAGE RECORD**
TYPE IN UPPER CASE
USE BLACK INK

[STATE FILE NUMBER]

**2024 ML 5002746**
(APPLICATION NUMBER)

### APPLICATION TO MARRY

1. NAME OF SPOUSE (First, Middle, Last): **WAGNER CARABALLO GONZALEZ**
1c. DATE OF BIRTH: **1/17/1992**
BIRTHPLACE: **COLOMBIA**
2a. RESIDENCE-CITY: **JACKSONVILLE**  2b. COUNTY: **DUVAL**  3) STATE: **FLORIDA**

NAME OF SPOUSE: **VERONICA KIMBERLY TORREALBA CABEZA**
DATE OF BIRTH: **8/18/1997**
BIRTHPLACE: **VENEZUELA**
RESIDENCE-CITY: **JACKSONVILLE**  COUNTY: **DUVAL**  STATE: **FLORIDA**

SIGNATURE OF SPOUSE: **Wagner Caraballo**  SUBSCRIBED AND SWORN TO BEFORE ME ON (DATE): **5/21/2024**
TITLE OF OFFICIAL: **DEPUTY CLERK**

SIGNATURE OF SPOUSE: **Veronica Torrealba**  SUBSCRIBED AND SWORN TO BEFORE ME ON (DATE): **5/21/2024**
TITLE OF OFFICIAL: **DEPUTY CLERK**

### LICENSE TO MARRY

COUNTY LICENSE ISSUED: **DUVAL**  DATE LICENSE ISSUED: **5/21/2024**  DATE LICENSE EFFECTIVE: **5/24/2024**  EXPIRES: **7/23/2024**
SIGNATURE OF COURT CLERK: **Jody Phillips**  TITLE: **CLERK OF THE CIRCUIT COURT**  GP

### CERTIFICATE OF MARRIAGE

DATE OF MARRIAGE: **6-16-2024**  CITY/TOWN: **JACKSONVILLE, FL**
ADDRESS: **491 W Forsyth Street, JACKSONVILLE, FL 32202**

INFORMATION BY OFFICE OF VITAL STATISTICS

STATE OF FLORIDA
DUVAL COUNTY
I, UNDERSIGNED Clerk of the Circuit & County Courts, Duval County, Florida, DO HEREBY CERTIFY the within and foregoing, consisting of __ pages, is a true and correct copy of the original as it appears on record and file in the office of the Clerk of Circuit & County Courts of Duval County, Florida.
WITNESS my hand and seal of Clerk of Circuit & County Courts at Jacksonville, Florida, this 18 day of June A.D. 2024
Clerk, Circuit and County Courts
Duval County, Florida
By: _____ Deputy Clerk

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**CARABALLO GONZALEZ, WAGNER**
Plaintiff,

-Against-

**LADEON FRANCIS,** Acting Field Office Director
of New York Immigration and Customs
Enforcement [hereinafter 'ICE']

**KRISTI NOEM,** Secretary of Homeland Security;
AND

**PAM BONDI,** Attorney General of the United States
Defendants

Case No.:

**PETITION FOR WRIT OF HABEAS CORPUS**

<u>IMMIGRATION ATTORNEY'S AFFIDAVIT IN SUPPORT</u>

I, Adam S. Kopchian, Esq., after being duly sworn and cautioned upon my oath, hereby swear and affirm the following:

1. I am a licensed attorney in New York and New Jersey. My New York attorney ID is **5181540** and my New Jersey Bar number is **038032011**. I am an immigration practitioner in the state of New York and New Jersey.

2. I represent the above named Plaintiff in Immigration Court proceedings before the EOIR. I do not represent her appearance this habeas petition before the Court. However, I am submitting this affidavit in support.

3. Veronica's case was combined with her husband's Wagner Caraballo Gonzalez, on September 8th, 2025. The immigration judge set another Master Calendar Hearing on October 6th, 2025 for purposes of selecting a final individual hearing date.

4. Prior to going to their hearing in person, I filed the Respondents' personal statements in support as well as the written pleadings for Ms. Torrealba Cabeza.

5. I noticed ICE officials waiting in the hallway. I did not consider it suspicious since it was a

Master Calendar Hearing being held with other Respondents.

6. When Wagner and Veronica's case was called, Counsel selected a final hearing date of December 2nd, 2025 to have Wagner, Veronica, and their child's case heard on the merits.

7. At the conclusion, Wagner informed me that ICE agents had taken his photo. I thought it was odd.

8. When my clients attempted to leave, an ICE official stopped us and stated that Wagner was subject to detention. None of the agents showed their faces nor disclosed their badge numbers.

9. I inquired about their authority to detain my client since they did not initially present a warrant signed by an Immigration Judge.

10. They then ushered myself and my client along with other agents in an elevator room across from the court room.

11. Upon asking to see the warrant, the officer finally produced the document. It was not signed by *any* immigration officer initially. [*emphasis added*]

12. The officer signed the bottom line of the warrant in front of me as they were detaining Wagner. However, the signature line for the immigration judge was notably blank.

13. After insisting I get a copy, the officer finally allowed me to take a photo of the document for my records.

14. The officer also threatened me that if I continued to resist or interfere in any way with Wagner's detention, that I would be arrested as well.

15. They then ushered my client away and pushed us out of the room.

16. My other clients, Riders in Wagner's case, became distraught since they witnessed their father and husband arrested in front of them.

17. After they took Wagner away, I asked the Immigration Judge about the detention. He stated he was unable to do anything even though Wagner had appeared and was given a hearing date in Court. This prompted the Plaintiff's habeas petition.

18. Counsel worries that the government will immediately transfer the Primary Respondent Wagner as a way to avoid New York jurisdiction even though it appears the arrest was unlawful. To my

knowledge, Wagner does not have any criminal violation. His crossing the US border at El Paso

Texas is an administrative violation.

19. Though not related to Wagner's arrest by ICE, the detention creates undue hardship on the family.

He was the family's primary income earner. His eldest daughter, Aybe, also a rider in

proceedings, received brain surgery since a tumor was causing her seizures. According to the

Plaintiff, she continues to suffer from them.

Date:    October 6th, 2025

_____
Adam S. Kopchian, Esq.

Subscribed and Sworn to before me this 6th
Day of October 2025.

ROBIN M. FORMAN
Notary Public State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2029

**U.S. DEPARTMENT OF HOMELAND SECURITY**          Warrant for Arrest of Alien

File No: 241362234

Date: 10/06/2025

**To:**    **Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that CARABALLO-GONZALEZ, WAGNER is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☑ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☐ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

_____
(Signature of Authorized Immigration Officer)

SDDO
_____
(Printed Name and Title of Authorized Immigration Officer)

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at _____ New York, NY
                                                                              (Location)

on CARABALLO-GONZALEZ, WAGNER        on      October 06, 2025      , and the contents of this
      (Name of Alien)                            (Date of Service)

notice were read to him or her in the _____ language.
                                              (Language)

_____          _____
Name and Signature of Officer                 Name or Number of Interpreter (if applicable)

Form I-200 (Rev. 09/16)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CARABALLO GONZALEZ, WAGNER**<br>Plaintiff,<br><br>-Against-<br><br>**LADEON FRANCIS,** Acting Field Office Director of New York Immigration and Customs Enforcement [hereinafter 'ICE']<br><br>**KRISTI NOEM,** Secretary of Homeland Security; AND<br><br>**PAM BONDI,** Attorney General of the United States Defendants | Case No.:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

PLAINTIFF'S AFFIDAVIT IN SUPPORT

I, Veronica Kimberly, Torrealba Cabez, after being duly sworn and cautioned upon my oath, hereby swear and affirm the following:

1. Although in English, the contents of my affidavit have been orally translated to me from English into Spanish, my native language. By my signature below, I hereby certify that I understood the interpreter as well as the contents of my affidavit. They are true and correct to the best of my knowledge and ability. As to information upon information and belief, I believe them to be true at the time I am making them.

2. My full legal name is Veronica Kimberly Torrealba Cabeza. I have not been known by any other name or alias.

3. I am the plaintiff in this action for habeas corpus relating to my husband, Wagner Caraballo Gonzalez.

4. On September 8th, 2025, my husband, Wagner, and I appeared before the Immigration Judge John Burns at 290 Broadway 20th Floor, Court Room 24, New York NY 10007.

5. On that day, the Immigration Judge consolidated my case with my husband's and ordered us to appear at another Master Calendar Hearing on October 6th, 2025 at 9:00am

6. Prior to the hearing, my husband and I prepared our personal statements in support of our application in Spanish. Our immigration attorney filed this as well as my pleadings with the Court prior to us appearing in person.

7. At the hearing, the Immigration Judge set our final hearing on the merits for December 2nd, 2025 at 9:00am after our attorney confirmed his availability.

8. Before the hearing ended, I believe one of the ICE agents took my husband's photo. I did not know why at that time.

9. When we were leaving, one of the agents informed my attorney and I that my husband was subjected to detention. I do not know why they were detaining him. Except for crossing the border, my husband has no criminal record.

10. They took my husband to an elevator waiting area in the next room. My attorney repeatedly asked to see the warrant. Eventually they showed it to him.

11. After I calmed down, my immigration attorney showed the picture of the document to me. Although it was signed at the bottom by the arresting officer, it did not appear to be signed by an Immigration Judge.

12. It is my understanding that if it was not signed by an Immigration Judge authorizing my husband's detention, then his arrest was unlawful. This is why I am bringing an action before this court now.

13. I worry that if I do not act quickly they will transfer my husband immediately to a detention center in Georgia, Louisiana, or Texas even though he was not lawfully arrested by ICE.

Date: _10-06 2025_

_Veronica Torrealba_
Veronica Kimberly Torrealba Cabeza

Subscribed and Sworn to before me this 6th day of October, 2025.

ROBIN M. FORMAN
Notary Public State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2029